UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-938-H

JAMES E. HOUSE                                                                    PLAINTIFF

v.

DEBBIE C. *et al.*                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a letter filed by Plaintiff seeking to be transferred from Bullitt County Detention Center (BCDC) to Louisville Metro Corrections. The Court construes the request as a motion for an emergency preliminary injunction. In support of the motion, Plaintiff states that he believes that his life is at risk. He states that he requests to be transferred "because of fear of my life due to threats being made against my life by Jail Staff here at Bullitt County Detention Center."

To determine whether to grant a preliminary injunction, a district court must consider: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether its issuance would cause substantial harm to others; and (4) whether the public interest would be served by its issuance. *Summit County Democratic Central and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). These factors are not "rigid and unbending requirements," as there is no "fixed legal standard" in determining whether to issue an injunction. *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). A Memorandum and Order was entered in a separate action filed by Plaintiff in this Court, *House v. Fackler*, Civil Action No. 3:09CV-935-H, on February 2, 2010, and served on Plaintiff at the BCDC. The mailing was returned by the U.S. Postal Service on February 11, 2010, stamped "Return to Sender, Inmate Not Here." Therefore, upon review, Plaintiff is no longer incarcerated at BCDC, and his request to be transferred out of BCDC is moot.

Accordingly, because Plaintiff's motion for preliminary injunction has been mooted by his transfer out of BCDC, **IT IS ORDERED** that his request for transfer (DN 16) is **DENIED**. The Clerk of Court is **DIRECTED** to serve Plaintiff at the alternative address he previously provided to the Court, P.O. Box 3392, Clarksville, IN 47131.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Bullitt County Attorney
4412.010