# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

JAMES E. HOUSE                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:09CV-P938-H

DEBBIE C. *et al.*                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for screening of the *pro se* complaint and amended

complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir.

1997). For the reasons that follow, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Louisville Metro Department of

Corrections.[1] He files suit under 42 U.S.C. § 1983. In the original complaint, Plaintiff names the

following Defendants: Debbie C., Fraud Investigator for Capital One; Larry Hayes, Fraud

Investigator for Capital One; Capital One, Office of CEO; William M. Peek; Stacey Coligan;

Bertha R. Peek; Scotty McGaha, Bullitt County Sheriff's Office Detective; Dezeria Henry; Larry

J. Carr; Kathy Peek; and "JoAnn Tuttle & or Estate." In the amended complaint, Plaintiff names

Debbie C., Larry Hayes, Capital One LLC, William M. Peek, Stacey Coligan, and Scotty

McGaha. Because Plaintiff does not identify Bertha Peek, Henry, Carr, Kathy Peek, or "Joann

Tuttle & or Estate" as Defendants or make allegations against them in the amended complaint, the

Court will assume that Plaintiff no longer wishes to pursue claims against these individuals. *See*

---

[1] Plaintiff's address listed on the docket sheet is the Bullitt County Detention Center.
Although Plaintiff has not filed a notice of change of address, VINE Link list Plaintiff as
incarcerated at Louisville Metro Department of Corrections.

*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading).

Plaintiff alleges that Defendants Capital One, Debbie C., Hayes, William Peek, Coligan, and McGaha "violated my First & Eighth Amended Constitutional Rights." He states that Bertha Peek requested Capital One to issue a credit card in Plaintiff's name. Plaintiff states that he used the credit card to purchase items for Bertha Peek. However, members of Peek's family felt that the purchases should not have been made. Plaintiff asserts that he paid Capital One $6,515.30 and requested Capital One to close the account.

Plaintiff states that Defendant William Peek, who is Bertha Peek's son, along with Defendant Coligan reported the charges made on the credit card as fraud, even though they knew Bertha Peek had added Plaintiff to the account and that the account had been paid. Plaintiff states that Defendants William Peek and Coligan signed false statements against him, knowing they would lead to his arrest.

Plaintiff states that he and Bertha Peek contacted Defendant Capital One on several occasions and talked to Defendants Debbie C. and Hayes. He said they explained that the charges were not fraudulent and that payment was made, but that Defendants Debbie C. and Hayes "did not correct the wrong or misunderstanding"; "act[ed] in Bad Faith"; and "should be held responsible for their actions individually and Official Capacity."

Plaintiff states that Defendant McGaha arrested him on April 23, 2009, for knowingly exploiting an adult person for over $300. Plaintiff claims that he told Defendant McGaha that Bertha Peek gave him permission to use the card and that he paid the bill.[2]

---

[2]Plaintiff makes other allegations in the original complaint concerning his incarceration at the Bullitt County Detention Center. Plaintiff also makes those allegations in a separate action filed before this Court, Civil Action No. 3:09CV-935-H, and those allegations will be addressed in the other action.

Finally, Plaintiff states that Defendant William Peek is employed as a letter carrier at the United States Post Office. He asserts that Defendant Peek "has stated that he has Removed and Destroyed Plaintiff mail addressed to Plaintiff Family. These letter's has US Postage on and were sealed." Plaintiff states that Defendant Peek "used his Job with the United States Post Office to cause harm to Plaintiff and his Family knowingly that his statements were False only to gain Control of Plaintiff and Family personal property."

As relief, Plaintiff seeks $5 million in money damages, $5 million in punitive damages, unspecified injunctive relief, costs, and attorney's fees.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

**A.** **42 U.S.C. § 1983**

**1.** **Non-state actors**

To establish a right to relief under § 1983, a plaintiff initially must plead and prove two elements: (1) that he has been deprived of a right, privilege or immunity secured by the Constitution and laws of the United States; and (2) that the defendant(s) deprived him of that right while acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendants Debbie C., Hayes, William Peek, and Coligan are private citizens.  They are not employed by the state.  Only when private citizens act in concert with state officials may they be subjected to liability under 42 U.S.C. § 1983.  *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  In order to state a claim based on the existence of a conspiracy under §1983, a plaintiff must plead "with some degree of specificity."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff has not offered any factual support or evidence upon which a conspiracy between any of these Defendants and Defendant Detective McGaha could be based.  There is no suggestion in Plaintiff's complaint or amended complaint that any of the Defendants was working in concert with the police to deprive Plaintiff of his constitutional rights.  Moreover, "the mere furnishing of information by a private party to a law enforcement official, even if the information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983."  *Young v. Arkansas Children's Hospital*, 721 F. Supp. 197, 198 (E.D. Ark. 1989); *see also Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor.").

Furthermore, a bank and its employees are not state actors.  *Duke v. Isabella County*, No. 07-12656, 2007 U.S. Dist. LEXIS 49581, *4 (E.D. Mich. July 10, 2007).  Therefore, Plaintiff may not maintain a cause of action under § 1983 against Defendant Capital One LLC or its employees, Defendants Debbie C. and Hayes.

To the extent that Plaintiff asserts that Defendant William Peek is a state actor because of his employment as a mail carrier, that claim fails.  In an action concerning removal or destruction of mail, a United States Postal Service (USPS) mail carrier is not the proper party defendant.

Rather, the United States is the proper defendant in such an action. *Pruitt v. United States Postal Serv.*, 817 F. Supp. 807 (N.D. Mo. 1993). Moreover, even if Plaintiff had correctly sued the United States, the United States is not subject to suit for the loss, miscarriage, or negligent transmission of letters or postal matter. 28 U.S.C. § 2680 (b). The United States is subject to suit only if it waives its sovereign immunity. Although the Federal Tort Claim Act (FTCA) waives the United States' sovereign immunity in some instances, it also delineates causes of action for which the United States may never be sued. *Forrest City Mach. Works, Inc. v. United States*, 953 F.2d 1086, 1087 (8th Cir. 1992). Claims for the loss, misdelivery, or negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680 (b). Therefore, Plaintiff's claim that Defendant William Peek removed or destroyed his mail is not cognizable.

Accordingly, the Court concludes that Plaintiff's § 1983 claims against Defendants William Peek, Coligan, Capital One LLC, Debbie C., and Hayes fail because those Defendants are not state actors, and the claims will be dismissed for failure to state a claim upon which relief may be granted.

2.     **McGaha**

a.     **Official-capacity claim**

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against McGaha is, therefore, actually a claim against Bullitt County. *See*

*Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820

F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff has not alleged that Defendant McGaha acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint or amended complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Bullitt County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Accordingly, the official-capacity claim against Defendant McGaha will be dismissed.

### b.      Individual-capacity claim

Plaintiff claims Defendant McGaha violated his "First & Eighth Amended Constitutional Rights." Plaintiff fails to explain how the First Amendment applies to his claims. Under the First Amendment, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." Upon review, Plaintiff fails to allege specific facts to support a First Amendment claim.

Plaintiff's claim under the Eighth Amendment also fails because "[t]he Eighth Amendment, by its terms, applies only to post-conviction inmates." *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (citing *Miller v. Calhoun County*, 408 F.3d 803, 812

(6th Cir. 2005)).  Since Plaintiff was not an inmate at the time of the incident alleged in the complaint, he fails to state a claim under the Eighth Amendment.

In fact, the Constitution does not require law enforcement officers to pursue every investigatory lead before arresting a suspect.  "Once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused." *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999).  "A policeman . . . is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Criss v. Kent*, 867 F.2d 259, 263 (6th Cir. 1988); *see also Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995) (holding that defendant officer did not violate plaintiff's rights by failing to investigate plaintiff's alleged alibi witnesses before arresting him for murder).  Defendant McGaha was not required to investigate Plaintiff's version of events before placing him under arrest.  "[I]t has long been settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (quoting *Ex parte United States*, 287 U.S. 241, 250 (1932)) (affirming dismissal of claims of arrest and indictment without probable cause).  Thus, Plaintiff's indictment by a grand jury for the crime of knowingly exploiting an adult person over $300 establishes existence of probable cause.[3]  The police are not required to attempt to discover exculpatory evidence to support a criminal defendant's case.  After Plaintiff's arrest, it was up to Plaintiff and his counsel to establish his innocence.  Because Plaintiff cannot make out a violation of federal

---

[3] The Court takes judicial notice that Plaintiff was indicted in Bullitt Circuit Court for the crime of knowingly exploiting an adult person over $300.

law based on the facts alleged against Defendant McGaha, the Court will dismiss the individual-capacity § 1983 claim against him for failure to state a claim.

**B.      State-law claims**

To the extent that Plaintiff is seeking to pursue any state-law claims, the Court declines to exercise supplemental jurisdiction over those claims.  Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows:  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state-law claim that Plaintiff may be attempting to bring.  *Id.* Consequently, the state-law claims will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.  Further, as noted previously, VINE Link list Plaintiff as incarcerated at Louisville Metro Department of Corrections.  Therefore, the **Clerk of Court is DIRECTED** to change Plaintiff's address on the docket sheet to the Louisville Metro Department of Corrections, 400 S. 6th Street, Louisville, KY 40202.

Date:

cc:      Plaintiff, *pro se*
4412.010